COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-134-CR
 
GARY STEWART BYRD           
           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
           
    STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
------------
OPINION
------------
Appellant Gary Stewart Byrd appeals
his conviction for injury to a child. In his sole point, he alleges that the
evidence is factually insufficient to establish that he committed bodily injury
to a child by omission by failing to seek medical care. We affirm.
Factual Background
D.L., who was seven years old, was
living with his mother in Baltimore, Maryland. In July of 2000, he went to stay
with appellant, who was his father. On August 11, 2000, appellant was punishing
D.L. by spanking him with a belt when D.L. went limp. Appellant rolled D.L. over
and saw that his eyes were closed. D.L. did not respond to his name, so
appellant splashed water on his face. When D.L. opened his eyes, he started
shaking, and appellant called 911 because he thought D.L. was having a seizure.
Once D.L. stopped shaking, he told appellant that he was okay, and he appeared
to be coherent.
When the emergency medical team
arrived on the scene, they found D.L. sitting upright and conscious. He appeared
to be an abuse victim, not a child suffering from a seizure. His face was
swollen, he had a large gash on the bridge of his nose, and he had numerous
other burns and bruises. Richard Barash, a paramedic on the scene, testified
that D.L.'s pulse was elevated and his temperature had spiked to 104 degrees. He
also stated that he would "remember this call for years. When we got there,
[D.L.] looked liked he had been in a car accident." D.L. was eventually
sent to Cook Children's Medical Center where he was considered a level two
patient, which means critically ill. D.L. claims to have told appellant that his
step-siblings caused some of his injuries; however, appellant asserts that D.L.
never said anything to him, and he thought the wounds were self-inflicted.
The jury found appellant guilty of
injury to a child by omission, serious bodily injury. The court then assessed
punishment at five years' confinement.
Discussion
In his sole point, appellant
contends that the evidence is factually insufficient to establish that he
committed bodily injury to a child by omission by failing to seek medical care. See
Tex. Penal Code Ann. § 22.04 (Vernon 2003). Specifically, he argues that the
evidence is factually insufficient to show that he acted knowingly or
intentionally as defined by the Texas Penal Code. Id. § 6.03(a), (b).
The State responds that the evidence shows that appellant intentionally and
knowingly delayed medical treatment knowing that the child would suffer and did
suffer additional bodily injury. Furthermore, when the testimony of the doctors
and emergency room personnel is considered, the verdict is not so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust.
A person acts intentionally with
respect to a result of his conduct when it is his conscious objective or desire
to cause the result. Id. § 6.03(a). A person acts knowingly with
respect to a result of his conduct when he is aware that his conduct is
reasonably certain to cause the result. Id. § 6.03(b). Within the
context of section 22.04, a defendant "knowingly" causes injury to a
child when he is aware with reasonable certainty that the injury would not
result "but for" the defendant's conduct. Patterson v. State,
46 S.W.3d 294, 302 (Tex. App.--Fort Worth 2001, no pet.). Therefore, it
logically follows that when the conduct is an omission, proof that a defendant
knowingly caused the result requires evidence that the defendant was aware with
reasonable certainty that the injury would have been prevented had the defendant
performed the act that was omitted. Id.; Payton v. State, No.
2-02-043-CR, slip op. at 9, 2003 WL 2004363, at *4 (Tex. App.--Fort Worth May 1,
2003, pet. filed).
Under section 22.04, it was not
sufficient for the State to prove that appellant failed to provide medical care
for a bodily injury. See Dusek v. State, 978 S.W.2d 129, 133 (Tex.
App.--Austin 1998, pet. ref'd). Instead, it was necessary to prove that D.L.
suffered bodily injury because appellant failed to provide him medical care. See
id. After reviewing the record, we hold that the evidence is factually
sufficient to support appellant's conviction of knowingly causing bodily injury
to a child by failing to obtain reasonable medical care for D.L.
The jury heard testimony from
Lieutenant Charles Sherrill that, when the fire department arrived, D.L.'s face
was swollen, and he had an obvious wound across the bridge of his nose that was
bright red, open, and had not just occurred. He also observed several open,
untreated cigarette burns, both old and new, on D.L.'s arms.
Paramedic Barash testified that
D.L.'s left arm was swollen and looked deformed. He stated that the nose wound,
the burns on the arms, and the swelling of the face made it apparent that D.L.
needed medical attention, and "[a]ny one of those [wounds] would have
brought that kid to the emergency room."
Appellant testified that D.L.'s
nose wound happened while he was running through the house two or three days
before the 911 call. When appellant got home from work, D.L.'s nose was already
bandaged. After inspecting it, appellant did not feel like it needed immediate
medical attention because it was not bleeding. He also stated that it was still
red because D.L. kept picking at the wound. When D.L. testified, he stated that
he did not "mess with" or pick at his nose wound.
Officer Daniel Bedillion testified
that it was obvious that D.L. needed medical attention for the gash on his nose
and swelling of his face. Paramedic Barash also testified that the nose wound
needed stitches. Specifically, he stated that there is a time period where it
would be less painful to get stitches because "[i]f you wait a little
longer, they are probably going to have to scrape a little of that tissue that
has had time to heal"; otherwise, it will not heal properly. Dr. Michael
Cowan, the emergency room doctor at Cook Children's Medical Center, testified
that if the nose wound had been sutured, the scarring would have been less. He
also described the injury as a disfigurement.
Although the jury heard appellant's
testimony that he inspected the nose wound and did not feel that emergency care
was required, appellant admitted that he did not have any medical training. He
admitted that he knew about all of D.L.'s wounds and that emergency rooms are
for stitching up wounds. He also testified that he did not take D.L. to the
doctor because he did not have a primary care physician. Appellant specifically
told Lynette Bikeri, a child protective services investigator, that he was
waiting to get insurance and that "he was aware that [the child's nose]
needed medical attention."
Besides D.L.'s nose wound, the jury
also heard how appellant failed to obtain reasonable medical care for a wrist
injury and burns on D.L's body. Dr. Cowan testified that D.L. would have been
exposed to less pain from the skin wounds on his arms if he had received
treatment in a timely medical fashion. "The quicker you heal up, the less
pain there is going to be." Dr. Daniel Oshman, the pediatric radiologist at
Cook Children's Medical Center, stated that the wrist injury was probably seven
to ten days old. If such an injury is left untreated, it will potentially result
in deformity at the wrist and some lack of use. The fact that the arm was not
immediately set and immobilized was probably very painful. Although appellant
testified that D.L. never said his wrist hurt and when appellant noticed it
swelling he put ice on it, the jury also heard that appellant planned to send
D.L. to the doctor when the insurance forms went through.
After reviewing the evidence in a
neutral light, we conclude that the proof of guilt is not so obviously weak as
to undermine confidence in the verdict, nor is the proof of guilt greatly
outweighed by contrary proof. See Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000). The evidence supports the jury's finding that appellant
was aware that his conduct was reasonably certain to cause the result. Tex.
Penal Code Ann. § 6.03(b) (defining when a person acts "knowingly").
Appellant knew about D.L.'s injuries, then failed to seek medical care when he
knew D.L. needed it because he wanted to wait and get insurance first. Thus,
appellant was aware with reasonable certainty that the injuries would have been
prevented had he performed the act that was omitted. See Patterson,
46 S.W.3d at 302. Furthermore, the State proved that D.L. suffered bodily injury
because appellant failed to provide him medical care. See Tex. Penal
Code Ann. § 1.07(a)(8) (defining "bodily injury" as physical pain,
illness, or any impairment of physical condition); Dusek, 978 S.W.2d at
133 (stating that it is not sufficient for the State to prove that appellant
failed to provide medical care, but that it must prove that child suffered
bodily injury because of the failure to provide medical care).
Thus, applying the appropriate
standard of review,(1) we hold that the evidence
is factually sufficient to support the trial court's conviction.(2)
Conclusion
Having overruled appellant's sole
point, we affirm the trial court's judgment.
 
                                                                       
TERRIE LIVINGSTON
                                                                       
JUSTICE
 
PANEL B: DAY, LIVINGSTON, and
WALKER, JJ.
PUBLISH
DELIVERED: July 10, 2003

1. See Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003) (holding that a proper factual sufficiency review must
include a discussion of the most important and relevant evidence that supports
the appellant's complaint on appeal); Santellan v. State, 939 S.W.2d
155, 165 (Tex. Crim. App. 1997) (providing factual sufficiency standard of
review); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996)
(same).
2. Johnson, 23 S.W.3d at 7; Clewis, 922
S.W.2d at 134.